UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUIS ANTONIO VALENCIANO VELA,[1]
        Petitioner,

v.                                          Case No. 25-CV-2004

DALE J. SCHMIDT,
        Respondent.

# ORDER

Luis Antonio Valenciano Vela is in the custody of the Department of Homeland Security (DHS), and he is currently detained at the Dodge County Jail. He seeks a writ of habeas corpus requiring either his release or a prompt bond hearing by immigration officials.

The court applies the Rules Governing Section 2254 Cases to petitions under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must screen the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases; *see also* Civ. L.R. 9(a)(2) (E.D. Wis.).

---

[1] In his petition, the petitioner identified himself only by his initials but failed to comply with Civil Local Rule 7.1(d) (E.D. Wis.). Having reviewed the record, the court does not find good cause to permit the petitioner proceed under a pseudonym.

As a preliminary matter, the respondent is the single official having custody of the petitioner. *See* Rule 2(a), Rules Governing Section 2254 Cases. The official ultimately in charge of the Dodge County Jail is the Dodge County Sheriff, Dale J. Schmidt. The court dismisses all the other officials the petitioner named.

The petitioner presents another in what has become an expansive list of habeas petitions filed around the country challenging the DHS's policy of treating every person who entered the United States without inspection as an "applicant for admission" under 8 U.S.C. § 1225(a)(1). *See, e.g.*, *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 LX 533872 (C.D. Cal. Nov. 20, 2025); *Ramirez Valverde v. Olson*, No. 25-CV-1502, 2025 LX 498566 (E.D. Wis. Oct. 29, 2025). The result is that such persons are not provided bond hearings.

Having reviewed the petition, the court cannot say that it is subject to summary dismissal. Accordingly, the respondent shall answer the petition.

The petitioner, relying in part on 28 U.S.C. § 2243, seeks resolution on an expedited basis. However, the Rules Governing Section 2254 Cases supersede the deadlines set forth in 28 U.S.C. § 2243, and thus the court has wide discretion in setting a schedule for the resolution of the petition. *Brooks v. Pollard*, No. 13-C-0199, 2013 U.S. Dist. LEXIS 91269, at *6 (E.D. Wis. June 27, 2013).

Within seven days of this order the respondent shall show cause why the petition should not be granted. The petitioner shall respond within three days thereafter. Absent further order of the court, the court will resolve the petition on the written submissions.

2

Case 1:25-cv-02004-BBC    Filed 12/22/25    Page 2 of 4    Document 5

The petitioner also filed a motion for a temporary restraining order. (ECF No. 2); *see* Fed. R. Civ. P. 65(b)(1). He asks the court to bar DHS from transferring him from Wisconsin without the approval of the court. (ECF No. 2.)

In assessing whether to grant a temporary restraining order, the court applies the same standard applicable to a motion for a preliminary injunction. *Springs v. United States Forest Serv.*, No. 3:25-CV-01377-NJR, 2025 U.S. Dist. LEXIS 169460, at *3 (S.D. Ill. Aug. 29, 2025) (citing *Right Field Rooftops, LLC v. Chicago Baseball Holdings, LLC*, 80 F. Supp. 3d 829, 833 (N.D. Ill. 2015)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)

The court accepts that the petitioner is likely to succeed on the merits. *See Ramirez Valverde v. Olson*, No. 25-CV-1502, 2025 LX 498566 (E.D. Wis. Oct. 29, 2025). Nonetheless, the petitioner has failed to demonstrate that the extraordinary remedy of a temporary restraining order is necessary. The petitioner's arguments regarding irreparable harm focus on the hardships that his family are suffering as a result of his detention, and do not relate to whether he is detained in Wisconsin or somewhere else. (ECF No. 2 at 2-3.) He has failed to demonstrate that a transfer would materially undermine access to his lawyer given the availability of telephonic or video conferencing. And finally, a transfer to another district would not deprive this court of jurisdiction over his petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 441

3
Case 1:25-cv-02004-BBC     Filed 12/22/25     Page 3 of 4     Document 5

(2004); *Valverde v. Olson*, No. 25-CV-1502, 2025 U.S. Dist. LEXIS 192855, at *2 (E.D. Wis. Sep. 30, 2025) (citing cases).

In light of the large multistate region covered by Immigration and Customs Enforcement's Chicago Field Office, it is plausible that administrative needs may necessitate the petitioner's transfer to another state. In light of these plausible administrative needs, the petitioner has failed to demonstrate that a temporary restraining order is in the public interest or that the balance of the equities tips in his favor to merit the extraordinary relief of a temporary restraining order.

**IT IS THEREFORE ORDERED** that Dale J. Schmidt, alone, is the respondent. All other individuals and entities named by the petitioner are dismissed.

**IT IS FURTHER ORDERED** that the Clerk shall promptly serve the respondent.

**IT IS FURTHER ORDERED** that, within seven days of this order, the respondent shall show cause why the writ should not issue. The petitioner shall respond no later than three days thereafter. Absent further order of the court, the court will resolve the petition based on the written record.

**IT IS FURTHER ORDERED** that the petitioner's motion for a temporary restraining order is **denied**.

Dated at Green Bay, Wisconsin this 22nd day of December, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge