UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUIS ANTONIO VALENCIANO VELA,

          Petitioner,

    v.                                      Case No. 25-CV-2004

DALE J. SCHMIDT,

          Respondent.

## ORDER

Luis Antonio Valenciano Vela is in the custody of the Department of Homeland Security (DHS), and he is currently detained at the Dodge County Jail. He seeks a writ of habeas corpus.

On December 22, 2025, the court reviewed his petition, *see* Rules 1(b), 4, Rules Governing Section 2254 Cases; Civ. L.R. 9(a)(2) (E.D. Wis.), amended the caption to name only the petitioner's immediate custodian as the respondent, *see* Rule 2(a), Rules Governing Section 2254 Cases; *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), and ordered the respondent to answer.

The United States Attorney's Office defends habeas petitions related to alien detainees. *See* 28 U.S.C. § 547(2). However, the U.S. Attorney's Office cannot represent a non-federal official like the Dodge County Sheriff. That creates a bit of a paradox. On the one hand, the court has Rule 2(a) and the "immediate custodian

rule," which requires the respondent be the single individual who has direct custody of the petitioner. *Kholyavskiy,* 443 F.3d at 952-53. But because immigration officials often contract with local governments to house detainees, the respondent is often an official who the United States Attorney's Office cannot represent. The respondent could be represented by outside counsel, and Dodge County Corporation Counsel has appeared in this action. The respondent, however, has no stake in, much less knowledge of the circumstances of the petitioner's custody so as to be able to respond to the petition.

The result is that the United States Attorney's Office appears and defends the petition without formally representing the respondent. This is routine, and the United States Attorney's Office acknowledged this arrangement in a footnote on the first page of its answer:

> The Office of the United States Attorney for the Eastern District of Wisconsin does not represent Petitioner's jail custodians, including Respondent Dale J. Schmidt, who are employees of the State of Wisconsin. However, counsel for the jail custodians have authorized the undersigned to state they join in this answer and do not intend to submit a separate response.

(ECF No. 8 at 1, fn. 1.)

Nonetheless, the petitioner has now moved for "Default Judgment" arguing that the respondent has not answered. (ECF No. 10.)

The motion is **denied**. Setting aside that default is a two-step process, requiring the Clerk's entry of default before seeking default judgment from the court, *see* Fed. R. Civ. P. 55(a) and (b), as described above, the respondent timely answered the petition.

2

The deadline having passed for the petitioner to respond, the matter is now under advisement.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 7th day of January, 2026.

s/ Byron B. Conway
BYRON B. CONWAY
U.S. District Judge
