LUIS ANTONIO VALENCIANO VELA,

    Petitioner,

v.                             Case No. 25-CV-2004

SHERIFF DALE J. SCHMIDT,

    Respondent.

## DECISION AND ORDER

    Luis Antonio Valenciano Vela, who is a citizen of Mexico, entered the United States in 2007 without inspection by immigration officials. (ECF No. 8 at 3 and fn. 3.) He was arrested for traffic offenses on November 14, 2025, in Brown County (ECF No. 1, ¶ 67) and was subsequently taken into custody by United States Customs and Immigration Enforcement (ICE) pending removal. He has remained in ICE custody at the Dodge County Jail ever since. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking an individualized bond hearing or, if immigration officials refuse to afford him a bond hearing, his immediate release.

    For decades persons like the petitioner would have received a bond hearing before an immigration judge. *López de la Cruz v. Schmidt*, No. 25-CV-1562-LA, ECF No. 18, at 11-12 (E.D. Wis., Nov. 19, 2025) (noting that for nearly 30 years, across the preceding five presidential administrations, immigration officials applied the

statutes so that persons like the petitioner had been eligible for bond). The Board of Immigration Appeals, however, recently upset that longstanding view of the law and held that a person like the petitioner who entered the United States without inspection is "an alien seeking admission" and thus must be detained under 8 U.S.C. § 1225(b)(2)(A). *See Matter of Hurtado*, 29 I. & N. Dec. 216, 229.

This has led to hundreds of alien detainees filing petitions for writs of habeas corpus in the district courts across the country. *See* Kyle Cheney, *Hundreds of judges reject Trump's mandatory detention policy, with no end in sight*, Politico (Jan. 5, 2026), available at https://www.politico.com/news/2026/01/05/trump-administration-immigrants-mandatory-detention-00709494. The Court of Appeals for the Seventh Circuit has not yet decided the issue. It recently said that this novel interpretation of § 1225(b)(2)(A) is unlikely to succeed on the merits. *Castañon-Nava v. United States Dep't of Homeland Sec.*, No. 25-3050, 2025 U.S. App. LEXIS 32488, at *21-22 (7th Cir. Dec. 11, 2025). However, in another case, over the dissent of one judge and without explanation, a panel recently denied a motion to release a similarly situated petitioner while his appeal was pending. *See Rojas v. Olson*, Case No. 25-3127, ECF No. 31 (Jan. 12, 2026); *see Rojas v. Olson*, No. 25-cv-1437-bhl, 2025 LX 439596 (E.D. Wis. Oct. 30, 2025) (decision denying petition for a writ of habeas corpus).

As this court explained in two recent decisions granting the habeas petitions of similarly situated alien detainees, *Guerrero v. Schmidt*, No. 25-CV-1975, 2026 LX 89204 (E.D. Wis. Jan. 7, 2026); *Ramirez Valverde v. Olson*, No. 25-CV-1502, 2025 LX 498566 (E.D. Wis. Oct. 29, 2025), *Hurtado* is incorrect. Notwithstanding his entry

2

without inspection, an alien who is found in the United States long after his entry or far from the border is not "an alien seeking admission" under 8 U.S.C. § 1225(b)(2)(A).

There is no suggestion that the petitioner is otherwise statutorily ineligible for a bond hearing. Therefore, he is subject to 8 U.S.C. § 1226, and due process requires that he be afforded a bond hearing. *See Ochoa v. Noem*, No. 25 CV 10865, 2025 U.S. Dist. LEXIS 204142, at *15 (N.D. Ill. Oct. 16, 2025) (discussing, in part, *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) and *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)). Consequently, his continued detention without a bond hearing is in violation of the law of the United States.

Accordingly, the court will grant the petition for a writ of habeas corpus and order the respondent to, within five business days, either afford the petitioner a bond hearing in accordance with 8 U.S.C. § 1226, and 8 C.F.R. § 1236.1 or release the petitioner.

**IT IS THEREFORE ORDERED** that Luis Antonio Valenciano Vela's petition for a writ of habeas corpus is **granted**. Within **five business days** of this order the respondents must either: (1) provide Valenciano Vela with a bond hearing before an Immigration Judge, at which the government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Valenciano Vela's continued detention; or (2) release Valenciano Vela from custody

under reasonable conditions of supervision. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 21st day of January, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge